IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Donte Darrell Parrish (#13493-067), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 50327 |
| v. | ) | |
| | ) | Hon. Philip G. Reinhard |
| United States of America, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff must either: (1) pay the full statutory filing fee of $400; or (2) submit a properly supported renewed *in forma pauperis* application that (a) is certified by trust fund officers at all facilities where he was incarcerated from approximately May 17, 2019, to the present and (b) attaches copies of his trust fund statements showing activity in his accounts at those facilities during this period. If plaintiff fails to address his fee status by January 27, 2020, the court will summarily dismiss this lawsuit. Plaintiff's motion for attorney representation [4] is denied without prejudice as he has not attempted to obtain counsel himself. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). Plaintiff is advised that he must promptly submit a change-of-address notification if he is released or transferred to another facility. If he does not keep the Clerk of Court apprised of his correct address, this case will be subject to dismissal with no further warning. The Clerk of Court is directed to send a blank application to proceed *in forma pauperis* and a copy of this order to plaintiff.

## STATEMENT

Federal prisoner Donte Parrish initiated this lawsuit, styled as arising under Bivens and the Federal Tort Claims Act, concerning his placement in the Administrative United States Penitentiary, Thomson, as well as various aspects of his incarceration there.

Plaintiff seeks leave to proceed *in forma pauperis* (IFP). The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $400 filing fee upfront, he may submit an IFP application (in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is $350 as an administrative fee is waived). An inmate seeking leave to proceed IFP must obtain a certificate from an authorized official disclosing the amount of money the inmate has on deposit in his trust fund account. The inmate also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the [inmate] for the 6-month period immediately preceding the filing of the complaint" that was obtained from the appropriate official of each facility where the inmate is or was confined. 28 U.S.C. § 1915(a)(2).

Plaintiff checked "no" in response to all of the questions on the IFP form and thus represented under penalty of perjury that he has never held a job in his life and received less than $200 in income (including gifts and all other sources of money) during the entire calendar year prior to initiating this action. He included an unsigned trust fund certification which he appears to have completed himself despite instructions immediately above the certification that state, "**To be completed by the institution of**

**incarceration**," that represents that his average monthly deposit for the past six months was $50 and his balance as of November 18, 2019, was $90.

This is inadequate so plaintiff's IFP application is thus denied without prejudice. Plaintiff must either file a renewed IFP application or pay the full $400 filing fee by the date specified above. If plaintiff wants to renew his IFP application, he must submit an accurate application that covers his finances for the past twelve months that includes a certification from an authorized correctional official and a corresponding trust fund account statement for *each* facility where he was incarcerated from May 17, 2019, to the date that he complies with this order. He can obtain this information from any prior facility by sending a written request. If plaintiff wants to pay the full fee upfront, he should send a check or money order made payable to the Clerk of Court, to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify his name and the case number assigned to this case. If plaintiff does not comply by the date specified above, the court will summarily dismiss this action.

In closing, plaintiff is advised that the Seventh Circuit has cautioned inmates contemplating litigation that they must save income so they can pay the filing fee, rather than make discretionary expenditures. *See Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (a prisoner "can save up . . . and pay the filing fee"). For this case and any future litigation plaintiff might contemplate, if he receives enough income to pay the $400 fee after receiving this warning about the obligation to save and is aware of the factual basis of a lawsuit but then elects to spend those funds on personal items, he will almost certainly not be eligible to pay the fee in installments. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). Relatedly, even if plaintiff renews his IFP application when his balance is less than the full $400 filing fee, he will not necessarily be allowed to pay in installments if he could have paid the fee if he refrained from making personal purchases, as the court need not grant IFP status when an inmate has depleted his account of funds by purchasing commissary items. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets is not indigent), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). Plaintiff should, therefore, reflect carefully when he decides whether to spend his income on personal items after receiving this order, as an inmate's decision to place his filing fee obligations at the bottom of his list of priorities demonstrates "an implied evaluation of [his] suit that the courts should be entitled to honor." *Merritte v. Templeton*, 493 Fed. App'x 782, 784-85 (7th Cir. 2012) (quoting *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997)); *Lucien v. DeTella*, 141 F.3d 773, 774-75 (1998) ("Lucien thought clothing and sundries more valuable than continued pursuit of litigation. That is his choice; he must accept the consequences.").

Date: 12/27/2019                             ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)